IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

## STATE OF TENNESSEE v. ROGER TERRY JOHNSON

**Appeal from the Criminal Court for Davidson County**
**No. 94-B-1113     Steve R. Dozier, Judge**

### No. M2017-01249-CCA-R3-CD

Defendant, Roger Terry Johnson, is appealing the trial court's denial of his motion to correct an illegal sentence filed pursuant to Tennessee Rule of Criminal Procedure 36.1 The State has filed a motion asking this Court to affirm pursuant to Court of Criminal Appeals Rule 20.  Said motion is hereby granted.

**Tenn. R. App. P. 3 Appeal as of Right; Order of the Criminal Court Affirmed Pursuant to Court of Criminal Appeals Rule 20**

TIMOTHY L. EASTER, J., delivered the opinion of the Court, in which THOMAS T. WOODALL, P.J., and ROBERT W. WEDEMEYER, J., joined.

Roger Johnson, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Brent C. Cherry, Senior Counsel, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

In 1994, Defendant pled guilty to one count of first degree murder and one count of second degree murder.  Defendant received consecutive sentences of life imprisonment and thirty years, respectively.  The thirty-year sentence for second degree murder was subsequently modified to twenty-five years and eight months.  Defendant did not timely appeal his guilty pleas or sentences.  Defendant was unsuccessful in his subsequent pursuit of post-conviction relief, habeas corpus relief (four times), and error coram nobis relief.  *See Roger Terry Johnson v. State*, No. 01C01-9705-CR-00172, 1998 WL 458101 (Tenn. Crim. App. Aug. 7, 1998 (appealing denial of post-conviction petition), *perm. app. denied* (Tenn. Mar. 15, 1999); *Roger T. Johnson v. Ricky Bell, Warden*, No. M2011-

00945-CCA-R3-HC, 2012 WL 683105 (Tenn. Crim. App. Feb. 27, 2012) (appealing denial of fourth habeas corpus petition), *perm. app. denied* (Tenn. June 20, 2012); *Roger T. Johnson v. State*, No. M2012-00845-CCA-R3-CO, 2013 WL 557014 (Tenn. Crim. App. Feb. 14, 2013) (appealing denial of error coram nobis petition), *no perm. app. filed*.

In May 2017, Defendant filed a motion to correct an alleged illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. The trial court summarily denied the motion and this appeal ensued. Following the filing of the record and Defendant's brief, the State filed a motion to affirm the ruling of the trial court pursuant to Rule 20. For the reasons stated below, said motion is hereby granted.

In the motion he filed in the trial court, Defendant argued his sentence for second degree murder is illegal because the trial court amended the judgment without his consent or knowledge to reflect a sentence of twenty-five years and eight months instead of a sentence of thirty years. Rule 36.1 permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). Our supreme court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). The court then reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment form), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal), and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Commenting on appealable errors, the court stated that those "generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* In contrast, fatal errors include "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* The court held that only fatal errors render sentences illegal. *Id.* A trial court may summarily dismiss a Rule 36.1 motion if it does not state a colorable claim for relief. Tenn. R. Crim. P. 36.1(b)(2).

Defendant previously raised the exact same issue regarding the amended judgment in his pursuit of habeas corpus relief. In affirming the denial of habeas corpus relief, this Court previously held Defendant's argument regarding the amended judgment presented, at most, a claim that the judgment was merely voidable, not void. *See Roger T. Johnson*, 2012 WL 683105, at *4-5. As noted above, the Supreme Court recently interpreted the meaning of "illegal sentence" as defined in Rule 36.1 and concluded that the definition

"is coextensive, and not broader than, the definition of the term in the habeas corpus context." *Wooden*, 478 S.W.3d at 594-95. Indeed, that Court observed the language of Rule 36.1 "mirrors" the definition of an illegal sentence for habeas corpus purposes. *Id.* Accordingly, this Court's analysis in Defendant's habeas corpus actions controls the outcome herein. The trial court correctly ruled that Defendant did not state a colorable claim for relief pursuant to Rule 36.1.

Any other challenges by Defendant to the voluntariness of his guilty plea, including claims of ineffective assistance of counsel, are insufficient to state a colorable claim for relief in a Rule 36.1 motion. As this Court has emphasized, Rule 36.1 "provide[s] an avenue for correcting allegedly illegal *sentences*. The Rules does *not* provide an avenue for seeking the reversal of *convictions*." *State v. Jimmy Wayne Wilson*, No. E2013-02354-CCA-R3-CD, 2014 WL 1285622, at *2 (Tenn. Crim. App. Mar. 31, 2014) (emphasis in original), *perm. app. denied* (Tenn. Nov. 19, 2014).

Rule 20, Rules of the Court of Criminal Appeals provides inter alia:

> The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:

> The judgment is rendered or the action taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge . . . .

We determine that this case meets the criteria of the above quoted rule and, therefore, we grant the State's motion filed under Rule 20. Accordingly, the ruling of the trial court is hereby affirmed.

_____
TIMOTHY L. EASTER, JUDGE